WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Cramer, | No. CV-16-03522-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's amended petition for writ of habeas corpus ("Petition") stemming for two criminal convictions out of Maricopa County (CR 2012-005939 and CR 2012-139652). (Doc. 29 at 1-2). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that this Court deny the Petition in this case. Specifically, the R&R concluded that the Petition with respect to both cases was procedurally barred and Petitioner had not shown cause or fundamental miscarriage of justice to overcome this procedural default. (Doc. 29 at 7-13). Additionally, the R&R concludes that as to case CR 2012-139652 the Petition is untimely under the Anti-Terrorism and Effective Death Penalty Act's statute of limitations. (Doc. 29 at 4-7). Petitioner filed objections to the R&R. Petitioner also filed three motions which remain pending.

**I.  Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that

1 the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). Because Petitioner filed objections (titled "Petitioners response to Judge Bridget S. Bade recommendation to deny and/or dismiss (Doc. 10) (Doc.27) [This is an admiralty or maritime claim within the meaning of Rule 9(h)]"), the Court will review the conclusions in the R&R de novo.

**II.     Procedural Bar**

The R&R concludes that all claims in Petitioner's petition are barred because none of them were presented to the Arizona Court of Appeals. (Doc. 29 at 10). Further, Petitioner did not file a petition for post-conviction relief in either case. In his objections, Petitioner argues that he did in fact file a direct appeal in both cases. (Doc. 30 at 1). Nonetheless, the Court agrees with the R&R that the claims presented in the Petition in this case were not presented to the Arizona Court of Appeals in either appeal. Accordingly, this objection is overruled. Later in his objections, Petitioner denies having appealed arguing "Plaintiff did not approach the Arizona Court of Appeals simply due to its lack of jurisdiction…." (Doc. 30 at 3). Because Petitioner actually appealed, the Court finds this objection to be unsupported by the facts.

Next the R&R concludes that because these claims were not presented to the state court, and now any presentment would be untimely, the claims are procedurally defaulted and barred from habeas review unless Petitioner can show cause and prejudice or a fundamental miscarriage of justice. (Doc. 29 at 11). The R&R concludes the Petitioner cannot show either exception to the procedural bar applies in this case.

While the Petitioner filed objections globally to the R&R, none of those objections are directly on this issue.[1] Moreover, considering this case de novo, the Court agrees

---

[1] For example, Petitioner states, "Succinctly put, the issues stated in this writ

with the R&R that Petitioner's claims are procedurally barred.

Additionally, the Court agrees with the R&R that Petitioner has not shown a fundamental miscarriage of justice, or cause, to overcome this procedural bar. (Doc. 29 at 11-13). Nothing in Petitioner's objections changes this conclusion. Accordingly, the claims in the Petition in this case are procedurally defaulted and the Court will deny the Petition on this basis.[2]

**III. Other Pending Motions**

Three other motions are pending before this Court: 1) Petitioner's motion to seal this case; 2) Petitioner's motion to stay this case; and 3) Petitioner's motion for summary judgment. The Court will address each motion in turn.

Citing at least eight Bible passages and 15 Federal Rules of Civil Procedure, Petitioner makes a conclusory argument that this case should be sealed because it is a private matter. (Doc. 15). Such argument fails to meet the test for filing under seal and will be denied. *See generally Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Next, Petitioner seeks to stay "enforcement of the judgments" against him in his state court criminal cases under Federal Rules of Civil Procedure 50, 52, 59, and 60. (Doc. 27). This Court cannot use the Federal Rules to stay a state court judgment. *See generally Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Accordingly, the stay is denied.

---

regard jurisdiction; illegal imprisonment, unlawful prosecution, and misrepresentation to/by a government agency through components of illegal construction of a contract with market value governed under contract law founded in the uniform commercial code and 'not' statutory law – However, the crimes committed to accomplish this illegality is found in statutory law and must be addressed in the interest of justice and constitutionality; unfortunately this is by no means addressed by this Court (a unique insight into the justice system)…." (Doc. 30 at 4-5).

[2] Alternatively, as to the claims arise from CR 2012-139652, the Court agrees with the R&R that they are untimely and not subject to equitable tolling. (Doc. 29 at 4-7). Petitioner's objections (Doc. 30 at 2; *see also generally id.* at 1-7) do not change this conclusion.

Finally, because this Order resolves Petitioner's amended petition on the merits, summary judgment would be inappropriate. Thus, this motion (Doc. 33) is also denied.

**IV.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to seal (Doc. 15) is denied;

**IT IS FURTHER ORDERED** that the motion to stay (Doc. 27) is denied;

**IT IS FURTHER ORDERED** that the motion for summary judgment (Doc. 33) is denied;

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 29) is accepted and adopted; the objections (Doc. 30) are overruled; the amended petition (Doc. 10) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 22nd day of May, 2017.

James A. Teilborg
Senior United States District Judge